INTERNATIONAL TIME RECORDING CO. v. W. H. BUNDY RECORDING CO.

(Circuit Court of Appeals, Second Circuit. March 7, 1910.)

No. 152.

PATENTS (§ 328*)—INVENTION—WORKMAN'S TIME RECORDER.
    The Bundy patent, No. 671,129, for a workman's time recorder, is void for lack of invention in view of prior devices in the same and analogous arts.

Appeal from the Circuit Court of the United States for the Northern District of New York.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Suit in equity by the International Time Recording Company against the W. H. Bundy Recording Company. Decree for defendant (167 Fed. 329), and complainant appeals. Affirmed.

Drury W. Cooper and John C. Kerr, for appellant.

Frederick G. Bodell, W. F. Hall, and Arthur E. Parsons, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The patent relates to time recorders adapted to make an impression of the time upon a removable card or other suitable record surface. The apparatus is of the type considered by this court in International Time Recorder Co. v. W. H. Bundy Recording Co., 159 Fed. 464, 86 C. C. A. 494. It is operated by the workman, who inserts his individual card in a receptacle, pushing it down till its lower edge rests upon an abutment which moves upward at fixed intervals of time, and then by moving an operating handle releases the printing devices, so that an impression is made on the card at the proper place. The object of the patent is "to provide means for preventing the actuation of the impression mechanism until after the card * * * has been properly inserted in the machine and for releasing the impression mechanism when the card * * * has been properly inserted to permit a record to be made upon the card." The machine is very fully described in the opinion of the Circuit Court, which may be referred to for all details. Suffice to say that a stop is interposed normally in the path of the operating handle so that the latter cannot be moved until it is released by shifting the position of the stop. Such release is effected by the pressure of the lower edge—or part of the lower edge—of the card upon a latch located on the top of the movable abutment. In order to insure the placing of the card in correct position before it contacts with the latch, there is a rigid projection on top of the abutment which will prevent the descent of the card, unless the latter is in proper position. When in proper position a cut-out portion of the lower edge of the card registers with the rigid projection, straddling it, and thus allowing the rest of the lower edge to descend far enough to contact with the latch and the movable abutment.

The claims relied upon are for the combination of various parts; but the expert for complainant concedes that the prior art discloses the movable stop, its connections with the latch, and the latch itself located on the abutment so as to effect release when pressed upon by the lower edge of the card. All there is left on which to base the patent is the arranging of the contour of the card so that in all positions except the correct one it cannot pass an obstacle in its path, but when in correct position will pass by the obstacle.

A prior patent (Gale and others, No. 456,650) for a car-mileage indicator shows a similar arrangement for securing the insertion of a recording card in a receptacle so that it can be fully inserted therein only when a cut-out portion of its contour registers with a fixed ob-

stacle. These are analogous arts, and we cannot find invention in the mere adaption of the cut card of the Gale indicator to the receptacle of the time recorder.

The decree is affirmed, with costs.